## PHILADELPHIA AND CAMDEN FERRY COMPANY v. INTERCITY LINK RAILROAD COMPANY.

Argued June 6, 1905—Decided November 13, 1905.

1. The fact that an amended certificate of incorporation was not acknowledged or proved before a proper officer is unimportant in proceedings taken by the corporation to condemn land.

2. The present location of a footpath leading to the prosecutor's ferry, and which can be changed without detriment to its usefulness, cannot be deemed necessary for the purposes of the prosecutor's franchise.

3. Condemnation proceedings are not rendered irregular by the omission to state, in the petition and proofs presented to the justice, matters which the Eminent Domain act does not require to be set forth.

4. Service of notice of such proceedings on the registered agent of a domestic corporation is sufficient, although not made at the registered office because the corporation had removed therefrom.

5. Under the seventeenth section of the Eminent Domain act, the justice to whom a petition for condemnation is presented has power to permit amendments of the proceedings and to adjourn the hearing on the petition.

6. In a proceeding to condemn the rights of an abutting owner in a public highway, the municipality in which the highway lies is not a necessary party.

On *certiorari* to review order appointing commissioners.

Before Justices DIXON and SWAYZE.

For the prosecutor, *Gaskill & Gaskill.*

For the defendant, *Martin V. Bergen, Jr.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up an order made by one of the justices of this court, on April 24th, 1905, appointing commissioners to appraise lands owned by the Philadelphia and Camden Ferry Company, in order that the Intercity Link Railroad Company might acquire the same for the construction and operation of a railroad running from Camden beneath the bottom of the Delaware river to the Pennsylvania boundary and there connecting with a railroad from Philadelphia. The petitioner for the order is the Intercity Link Railroad Company claiming to be incorporated under the General Railroad act of this state (*Pamph. L.* 1903, *p.* 645), and the prosecutor of the *certiorari* is the Philadelphia and Camden Ferry Company.

The first objection urged by counsel for the prosecutor against the legality of the order is that the petitioner was not lawfully incorporated, because the original certificate of incorporation and an amended certificate were not acknowledged or proved before a proper officer.

As to the original certificate the allegation of fact is untrue, and as to the amended certificate the fact is in this contro-

versy unimportant. The state only can complain of so formal a· defect. *National Docks Railroad Co.* v. *Central Railroad Co., 5 Stew. Eq.* 755.

The second objection is that the petitioner is not a railroad corporation within the meaning of the act above cited, because the whole of the proposed railroad is to be under the surface of the ground.

This reason we find to be untrue in fact.

The third objection is that the land of the prosecutor, it being a corporation of this state chartered to facilitate transportation, is not rendered by the above-cited act subject to condemnation.

The thirteenth section of the act provides that land of such a corporation, not necessary for the purposes of its franchise, may be condemned, but that only a right to cross its other lands can be so taken. The evidence in this case shows that the land which the petitioner seeks to condemn is not necessary for the purposes of the prosecutor's franchise. It comprises part of a triangle lying west of the center of Delaware avenue between the lines of Market and Federal streets in Camden, which part is wholly unused, save for ornament, except that the southeasterly corner is occupied by a few feet of a cement path leading from the foot of Arch street towards the prosecutor's ferry, which path would be equally useful if moved twenty feet further south, so as to be off the tract condemned. It would be absurd to regard the present location of that footpath as necessary for the prosecutor's franchise.

The fourth, fifth and sixth objections relate to alleged defects in the petition and proofs presented to the justice who made the order.

The necessary contents of such a petition and the requisite verification are prescribed by the second section of our Eminent Domain act (*Pamph. L.* 1900, *p.* 79), (*McEwan* v. *Pennsylvania Railroad Co.,* 43 *Vroom* 419), and they do not embrace those matters the lack of which forms the grounds of these objections.

The seventh objection is that notice of the application to the justice was not legally served on the Camden and Subur-

ban Railway Company, one of the occupants of the land to be condemned. That company is a domestic corporation, and the defect in the service consisted in the fact that the notice, though served on the registered agent of the company, was not served at its registered office from which the company had removed.

Our Corporation act (*Pamph. L.* 1896, *p.* 277, § 43) does not require service of process to be made at the company's registered office, but only on the registered agent. The service made was, we think, sufficient.

On the day first set for the hearing on the petition the petitioner moved to amend the same, and the justice after granting the motion adjourned the hearing for thirteen days, in order that the opposing parties might have an opportunity to consider the petition as amended; then on the adjourned hearing he appointed the commissioners. This amendment and adjournment form the basis of the eighth and ninth objections.

The seventeenth section of the Eminent Domain act authorizes the justice, upon any hearing before an appeal is filed, to make such orders and permit such amendments as may appear reasonable or as may promote the public purposes for which the power to condemn was conferred. This authority is clearly ample for the amendment allowed, and we think warrants also the adjournment, for although the fifth section of the act directs the justice to appoint the commissioners on the day fixed for the hearing, that does not necessarily mean the day first fixed, but includes any day so fixed in accordance with such orders as the justice may make under the seventeenth section.

The tenth and last reason urged is that the city of Camden was not made a party to the proceedings, although a portion of the land to be condemned lay within the limits of Delaware avenue.

The explanation of this omission is obvious. The petitioner had no power to condemn the public rights in the highway, but under section 34 of the General Railroad act might contract with the city for the exercise of certain privileges in

the street, provided it had first acquired the rights of the abutting owner therein by agreement or condemnation. The present proceeding seems to have been framed to comply with this proviso, and clearly the city was not a necessary party thereto.

None of the objections presented is valid, and therefore the proceedings under review should be affirmed, with costs.